UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES JONES,                                          )
                                                        )     **COMPLAINT**
                       Plaintiff,                       )
                                                        )     **JURY TRIAL DEMANDED**
      -against-                                         )
                                                        )     **ECF CASE**
THE CITY OF NEW YORK; POLICE OFFICER                    )
LONNIE BROWN, Shield No. 8637; POLICE                   )     **11 Civ. 2249 (LAK)(THK)**
OFFICER "FNU" (first name unknown)                      )
LAUGHTON (name is phonetic); JOHN DOE                   )
THIRD OFFICER; JOHN DOES; RICHARD                       )
ROES,                                                   )
                                                        )
                       Defendants.                      )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff CHARLES JONES seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim concerning the January 2, 2010 incidents with the Comptroller of the City of New York on March 31, 2010, within 90 days of the incidents giving rise to his claim.  Plaintiff also filed a Notice of Claim concerning the February 13, 2010 incidents with the Comptroller of the City of New York on March 31, 2010, within 90 days of the incidents giving rise to his claim.  More than 30 days have elapsed since the filing of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff CHARLES JONES is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agents in the area of law

enforcement to members of the public, and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

   9.  Defendants POLICE OFFICER LONNIE BROWN, Shield No. 8637; POLICE OFFICER "FNU" (first name unknown) LAUGHTON (name is phonetic); JOHN DOE THIRD OFFICER; and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE OFFICER LONNIE BROWN, Shield No. 8637; POLICE OFFICER "FNU" (first name unknown) LAUGHTON (name is phonetic); JOHN DOE THIRD OFFICER; and JOHN DOES are sued individually.

   10.  Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said

individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

**The January 2, 2010 Incidents**

11. On January 2, 2010, approximately 11:00 a.m., Plaintiff CHARLES JONES was walking along with a friend on the sidewalk at or around the corner of West 113th Street and Lenox Avenue in Manhattan, NY.

12. An unmarked police car pulled up, and three JOHN DOES police officers - on information and belief Defendants BROWN, LAUGHTON (the name is phonetic), and JOHN DOE THIRD OFFICER - stopped Plaintiff.

13. One of these three JOHN DOES, on information and belief Defendant LAUGHTON, asked Plaintiff, in sum and substance, "oh, so you're a fucking Muslim now?"

14. On information and belief, the question / comment was in reference to testimony Plaintiff had given to a grand jury a couple of days prior, stemming from another arrest made by this team of officers, in which Plaintiff had testified that he had become a Muslim, the content of which testimony had been transmitted to these officers.

15. Plaintiff was patted down and his pockets rifled through by the three Defendant

police officers.

16. Plaintiff had no illegal items in his possession.

17. One of the three Defendant police officers, on information and belief Defendant BROWN, told Plaintiff that he was going to flip a coin, and that if the coin came up heads Plaintiff would be set free, and if it came up tails Plaintiff would be arrested.

18. Defendant BROWN then flipped the coin and it came up tails.

19. Plaintiff was therefore handcuffed and arrested.

20. Plaintiff was not told why (other than the result of the coin toss) he had been arrested.

21. Plaintiff was brought to the NYPD 28th Precinct.

22. At the 28th Precinct, Plaintiff was subjected to a strip search by Defendants LAUGHTON and JOHN DOE THIRD OFFICER.

23. Plaintiff was made to strip totally naked, and to spread his buttocks and lift his scrotum for review by Defendants LAUGHTON and JOHN DOE THIRD OFFICER.

24. One of either Defendants LAUGHTON or JOHN DOE THIRD OFFICER, wearing a rubber glove, rubbed his hand between Plaintiff's buttocks as part of the strip search.

25. Plaintiff was held in custody at the 28th Precinct for approximately 2 hours, and then issued a summons charging him with disorderly conduct.

26. Defendant BROWN is the Complainant who signed the summons under penalty of perjury.

27. The factual allegation on the summons accuses Plaintiff as follows: "At T/P/O [time and place of occurrence] Defendant was observed Blocking Pedestrian traffic."

5

28. This allegation is a lie.

29. Other than his mere physical existence, Plaintiff was doing absolutely nothing to impede pedestrian traffic in any way.

30. Plaintiff was merely walking down the sidewalk like any other pedestrian.

31. The summons also incorrectly identifies the place of arrest as West 112th Street and 7th Avenue, when in actuality Plaintiff was arrested at West 113th Street and Lenox Avenue.

32. Plaintiff had not been at West 112th Street and 7th Avenue at any time on that morning.

33. Defendant BROWN told Plaintiff, when he issued the summons, that the charge would be dismissed when Plaintiff went to court.

34. Plaintiff went to the New York County Criminal Court on March 4, 2010, as required by the summons.

35. He was informed at the Court that the charge against him had been dismissed.

36. The Court had dismissed the charge against him *sua sponte* on February 16, 2010, for legal insufficiency.

37. Plaintiff's friend was not similarly arrested or searched by the police.

**The February 13, 2010 Incidents**

38. On February 13, 2010, approximately 8:00 a.m., Plaintiff CHARLES JONES was present with his cousin on the sidewalk at or around West 111th Street between 7th Avenue and St. Nicholas Avenue in Manhattan, NY.

39. Defendants BROWN, LAUGHTON, and JOHN DOE THIRD OFFICER again seized the Plaintiff and patted him down, again rifling through his pockets.

40. Plaintiff again had no illegal items in his possession.

41. Plaintiff was then told to sit on a stoop while the Defendants radioed Plaintiff's and his cousin's identifying information.

42. After a short amount of time, Defendant LAUGHTON then told Plainitiff to stand up.

43. Plaintiff stood up.

44. Defendant LAUGHTON then, wearing a glove, proceeded to dig around with his hand inside of Plaintiff's pants, including inside of his underwear, in both the front and in the back.

45. Defendant LAUGHTON grabbed Plaintiff's penis and asked, in sum and substance, "what's this?"

46. Plaintiff responded, in sum and substance, "that's me."

47. Defendant LAUGHTON also felt in between Plaintiff's buttocks.

48. Defendants again told Plaintiff to sit on the stoop, where Plaintiff sat for approximately 5-10 more minutes.

49. Other JOHN DOES defendants arrived at the scene in a van.

50. After some conversation among Defendants BROWN, LAUGHTON, and JOHN DOE THIRD OFFICER and the JOHN DOES defendants in the van, Plaintiff was released.

51. Plaintiff's cousin was not similarly searched by the police.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

52. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. By their conduct and actions in falsely arresting, unlawfully strip searching, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating a false account surrounding the January 2, 2010 incident regarding, plaintiff, defendants, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

54. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

**SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

55. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

56. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth

amendments.

57. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

58. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

60. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

61. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of

other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

62. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs, and usages of encouraging and/or tacitly sanctioning discrimination against members of the Muslim religion, and of encouraging and/or tacitly sanctioning unlawful law enforcement practices against members of the Muslim religion.

63. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

64. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

66. As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

67.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

70.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

73. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. By the actions described above, defendants falsely arrested and imprisoned plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## ABUSE OF PROCESS

76. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding

detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

78. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

79. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

82. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

83. By the actions described above, defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

84. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENCE

85. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86. By the actions described above, defendants jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

88. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89. Defendants THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained the individual defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiffs and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.   As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### CONSTITUTIONAL TORT

91.   The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

92.   Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

93.   A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

94.   As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

        a.  Compensatory damages;

        b.  Punitive damages;

      c. The convening and empanelling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:      New York, New York
               April 1, 2011

                                              _____/S/_____
                                            JEFFREY A. ROTHMAN, Esq.
                                            315 Broadway, Suite 200
                                            New York, New York 10007
                                            (212) 227-2980
                                            Attorney for Plaintiff