UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

CHARLES JONES,

                             Plaintiff,

              -against-

THE CITY OF NEW YORK; POLICE OFFICER
LONNIE BROWN, Shield No. 8637; POLICE
OFFICER "FNU" (first name unknown)
LAUGHTON (name is phonetic); JOHN DOE
THIRD OFFICER; JOHN DOES; RICHARD
ROES,

                        Defendants.

-------------------------------------------------------------------------x

**ANSWER**

11 CV 2249 (LAK)

Trial By Jury Requested

(filed by ECF)

        Defendants City of New York and Lonnie Brown, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.       Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and to seek damages as set forth therein.

        2.       Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as set forth therein.

        3.       Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein.

        4.       Admit that plaintiff demands a trial by jury.

5.   Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as set forth therein.

6.   Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about March 31, 2010, that more than thirty days have elapsed since that date, and that the claim has not been settled. Defendants state that the allegations concerning when the document was filed in relation to the incident are legal conclusions rather than averments of fact and, therefore, no response is required.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York, and that the City of New York maintains a police department. Defendants respectfully refer the Court to the New York City Charter and Administrative Code for the responsibilities of the City of New York with reference to its police department. Defendants also state that the allegations concerning assumption of risk are legal conclusions rather than averments of fact and, accordingly, no response is required.

9.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York has employed Lonnie Brown as a police officer, and state that the allegations as to whether he or other members of the police department were acting under color of state law and within the scope of their duties as City employees and incident to their performance of their duties are legal conclusions rather than averments of fact and, therefore, no response is required.  Defendants

2

admit that plaintiff purports to sue Lonnie Brown and the unidentified individual defendants in their individual capacities.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that plaintiff purports to sue the unidentified individual supervisory defendants in their individual capacities.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint.

20.     Deny the allegations set forth in paragraph "20" of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     In response to the allegations set forth in paragraph "52" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53.     Deny the allegations set forth in paragraph "53" of the complaint, except state that the allegations concerning whether the defendants were acting under color of law are legal conclusions rather than averments of fact and, accordingly, no response is required.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint.

58.     In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

65.     Defendants state that the allegations set forth in paragraph "65" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.  To the extent that the Court may deem a response necessary, defendants deny the allegations of this paragraph.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     In response to the allegations set forth in paragraph "70" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    In response to the allegations set forth in paragraph "79" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

80.    Deny the allegations set forth in paragraph "80" of the complaint.

81.    Deny the allegations set forth in paragraph "81" of the complaint.

82.    In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    In response to the allegations set forth in paragraph "85" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

86.    Deny the allegations set forth in paragraph "86" of the complaint.

87.    Deny the allegations set forth in paragraph "87" of the complaint.

88.    In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

89.    Deny the allegations set forth in paragraph "89" of the complaint.

90.    Deny the allegations set forth in paragraph "90" of the complaint.

91.     In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

92.     Deny the allegations set forth in paragraph "92" of the complaint.

93.     Deny the allegations set forth in paragraph "93" of the complaint.

94.     Deny the allegations set forth in paragraph "94" of the complaint

**FIRST AFFIRMATIVE DEFENSE**:

95.     The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**:

96.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**:

97.     Punitive damages are not recoverable as against defendant City of New York.

**FOURTH AFFIRMATIVE DEFENSE**:

98.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening non-parties and was not the proximate result of any act of the defendants.

### FIFTH AFFIRMATIVE DEFENSE:

99.    There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

100.    Defendant Lonnie Brown Percy has not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, is protected by qualified immunity from liability.

### SEVENTH AFFIRMATIVE DEFENSE:

101.    Plaintiff may have failed to comply with the provisions of New York General Municipal Law 50-e, h, and/or i.

### EIGHTH AFFIRMATIVE DEFENSE:

102.    At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion.  Therefore, defendant City is entitled to governmental immunity from suit.

### NINTH AFFIRMATIVE DEFENSE:

103.    One or more of plaintiff's claims may be barred in whole or in part by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE:

104.    At all times relevant to the acts alleged in the complaint, defendant Lonnie Brown acted reasonably in the proper and lawful exercise of his discretion.  Therefore, defendant is entitled to governmental immunity from suit.

**WHEREFORE**, defendants City of New York and Lonnie Brown request judgment dismissing the complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 27, 2011

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York and
                              Lonnie Brown
                              100 Church Street
                              New York, New York  10007
                              (212) 227-4071
                              sscharfs@law.nyc.gov


                      By:     _____/S/_____
                              SUSAN P. SCHARFSTEIN



To:     Jeffrey Rothman, Esq.
        Attorney at Law
        315 Broadway, Suite 200
        New York, NY  10007


11