```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3 0 NOV 2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

CHARLES JONES,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK; POLICE OFFICER
LONNIE BROWN, Shield No. 8637; POLICE
OFFICER NEIL LAWSON; JOHN DOE THIRD
OFFICER; JOHN DOES; RICHARD ROES,
                      Defendants.

STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL

11 CV 2249 (KBF)

------------------------------------------------------------ X

      **WHEREAS**, plaintiff commenced this action by filing a complaint in the Southern District of New York on or about April 1, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

      **WHEREAS**, defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS**, the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

      2.    The City of New York hereby agrees to pay plaintiff CHARLES JONES the sum of TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS ($22,500) in full satisfaction of all of plaintiff's claims against the defendants, including claims for costs,

expenses, and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal with prejudice of all the claims against the defendants, the City of New York, Officer Lonnie Brown and Officer Neil Lawson, and to release all of the defendants, including the individuals named herein as "JOHN DOE" and "RICHARD ROE," and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees, except that this release will not apply as a release with respect to any claims arising out of plaintiff's arrest on September 10, 2010.

3. Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

2

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York and defendants Officer Lonnie Brown, Officer Neil Lawson and the individuals sued herein as "JOHN DOE" and "RICHARD ROE," regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
Nov. 30, 2011

Jeffrey Rothman, Esq.
*Attorney for Plaintiff*
315 Broadway, Suite 200
New York, NY 10007
(212) 227-2980

By: _____ 11/21/11
Jeffrey Rothman, Esq
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for the Defendants*
100 Church Street, Rm. 3-137
New York, New York 10007
(212) 676-1347

By: _____ 11/29/11
Matthew Weir
*Assistant Corporation Counsel*

SO ORDERED:

_____
HON. KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

3